UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELLEN MARIA KORSTANJE,

    Plaintiff,

v.                                      Case No. 8:19-CV-3003-T-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER**

    This is an action for review of the administrative denial of disability insurance benefits (DIB) and period of disability benefits. *See* 42 U.S.C. § 405(g). Plaintiff contends the Administrative Law Judge's (ALJ) decision that Plaintiff is not disabled is not supported by substantial evidence because the ALJ did not investigate an apparent conflict between the vocational expert's (VE) testimony at the administrative hearing and the Dictionary of Occupational Titles (DOT). After considering the administrative record (doc. 12) and the parties' arguments contained in their joint memorandum (doc. 16), I agree with the Commissioner. I affirm the ALJ's decision.[1]

    A.    *Background*

    Plaintiff Ellen Korstanje alleges she became disabled on September 17, 2016, due to schizoaffective disorder, thyroid issues, sleep apnea, and plantar fasciitis. (R. 270) Plaintiff's date of last insured (DIB) is December 31, 2021. (R. 13)

---

[1] The parties have consented to my jurisdiction. *See* 28 U.S.C. § 636(c).

Plaintiff was born on April 9, 1965. (R. 114) She lives in a townhouse with her sister in Dunedin, Florida, and is single with no children. (R. 114-15) Plaintiff graduated from college with a psychology major and an art minor. Plaintiff's work experience is as a lingerie fitter at Dillard's, a secretary for a real estate development company, and a certified nurse's assistant at an assisted living facility. Plaintiff spends time with her sister, who helps her get up in the morning because of her sleep apnea and medication fog. Together they go to the gym in the mornings to "do the Stair Master and weights, and then we come home and swim if the weather's okay." (R. 120). And at the time of the hearing, Plaintiff was enrolled in two art classes at the Museum of Art in Dunedin. She drives to the grocery store, socializes occasionally with friends, watches television, and surfs the internet during the day. (R. 128)

After a hearing, the ALJ found that Plaintiff suffers from the severe impairments of "sleep apnea; obesity; schizoaffective disorder with paranoia; general anxiety disorder; [and] major depressive disorder." (R. 15) The ALJ determined that Plaintiff retained the RFC to perform a full range of light work with these limitations:

> [T]he claimant can only perform simple[,] routine[,] repetitive tasks that constitute unskilled work with a specific vocational preparation (SVP) of no more than 2 and a general educational development (GED) reasoning level of no more than 3, as defined by the Dictionary of Occupational Titles (DOT). She is further limited to work that only requires her to maintain attention and concentration for two-hour increments before allowing a 10-minute break. The claimant can only tolerate ordinary [ ] and routine changes in work setting or duties; and she is limited to occasional interaction with the public, coworkers and supervisors.

2

> The claimant cannot perform fast-paced production or quota-driven work, such as an assembly line.

(R. 16) In a January 11, 2019 decision, the ALJ found that, with this RFC, Plaintiff could not perform her past relevant work. But after consulting VE Irvin Roth, Ph.D., the ALJ determined Plaintiff could work as an electronics worker, a cleaner (housekeeper), and an office helper. (R. 22-23) The ALJ asked the VE: "And have your answers been based upon the DOT? And if not, can you explain any differences?" (R. 138) Dr. Roth responded that his answers were "based on the DOT, but I had to use professional experience for the number of days absent plus percentage off task," in response to one of the ALJ's hypothetical questions. (*Id.*) In his decision, the ALJ found that "[p]ursuant to SSR 00-4p, the above testimony of the vocational expert is consistent with the information contained in the Dictionary of Occupational Titles (DOT)." (R. 24)

Plaintiff appealed the ALJ's decision to the Appeals Council (AC), which denied review. (R. 2) Her administrative remedies exhausted, Plaintiff filed this action.

    B.    *Standard of Review*

To be entitled to DIB, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §

423(d)(1)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, to regularize the adjudicative process, promulgated detailed regulations. These regulations establish a "sequential evaluation process" to determine if a claimant is disabled. *See* 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

    C.    Discussion

        1.    *ALJ's duty to investigate apparent conflict between VE's testimony and DOT*

Plaintiff advances one argument: that an apparent conflict between the VE's testimony and the DOT requires remand.[2] In *Washington v. Commissioner of Social Security,* the Eleventh Circuit held that an ALJ has an affirmative duty to (1) identify

---

[2] The DOT is "an extensive compendium of data about the various jobs that exist in the United States economy, and includes information about the nature of each type of job and what skills or abilities they require." *Washington*, 906 F.3d at 1357 n.2.

5

any apparent conflicts between a VE's testimony and the DOT, (2) ask the VE about the conflict, and (3) explain in the decision resolution of the conflict. 906 F.3d 1353, 1353-54 (11th Cir. 2018).  Under *Washington*, the issue is not whether there *is* a conflict between limitations included in the claimant's RFC and jobs the ALJ identifies as falling within that RFC based on the DOT. Rather, the issue is whether there is an *apparent* conflict between those two.  And the Eleventh Circuit in *Washington* broadly defined that term:

> An "apparent conflict" is thus more than just a conflict that is made apparent by the express testimony of the VE.  It is a conflict that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony.  At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case.

*Id.* at 1365.

The court also stated, "apparent should be taken to mean apparent to an ALJ who has ready access to and a close familiarity with the DOT.  Put another way, if a conflict is reasonably ascertainable or evident, the ALJ is required to identify it, ask about it, and resolve it in his opinion.  We take the word 'apparent' to mean 'seeming real or true, but not necessarily so.'" *Id.* at 1366.  Per *Washington,* ALJs may not simply rely on a VE's statement that his testimony does not conflict with the DOT. *Washington,* at 1361.   Rather, "[Social Security Ruling] SSR 00-4p imposes an independent, affirmative obligation on the part of the ALJ to undertake a meaningful

6

effort to uncover apparent conflicts, beyond merely asking the VE if there is one." *Id.* at 1364.

Post-*Washington*, the Eleventh Circuit has not addressed in a published decision the issue of what threshold reasoning level is *per se* inconsistent with simple, routine, and repetitive work.[3] In *Wooten v. Commissioner of Social Security*, 787 F. App'x 671 (11th Cir. 2019), a *per curiam* decision, the Eleventh Circuit stated, "this Court has not yet decided in a published opinion whether a limitation to simple, routine repetitive work is inconsistent with a job that requires a general education development reasoning level of three." The *Wooten* Court decided it "need not resolve that question" because one of the three jobs identified by the ALJ was the job of final assembler with a reasoning level of one, the lowest level, which was consistent with the RFC; even if the ALJ had erred in identifying two jobs that required a reasoning level of three that apparently conflicted with the RFC, the error was a harmless one.[4]

---

[3] According to Eleventh Circuit Rule 36-2, "unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2; *see Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority."). The Eleventh Circuit's Internal Operating Procedures offers this: "Opinions that the panel believes to have no precedential value are not published. Although unpublished opinions may be cited as persuasive authority, they are not considered binding precedent." 11th Cir. R. 36-2, I.O.P. 6.

[4] An SVP rating is the time it takes to learn to do a job. Unskilled work corresponds to an SVP rating of 1 or 2. GED reasoning levels, on the other hand, range from 1 to 6 and measure a claimant's ability to engage in certain basic functions related to education and require the claimant to be capable of carrying out instructions and performing mental tasks. DOT, App'x C (4th ed. 1991), 1991 WL 688702.

7

*Id*. at 674.  Other courts are consistent with this. *Peterson v. Comm'r of Soc. Sec.*, No. 2:19-cv-566-FtM-29NPM, 2020 WL 6708022 (M.D. Fla. Nov. 16, 2020) (finding ALJ's failure to resolve apparent conflict between VE testimony and DOT harmless where VE identified other jobs that existed in significant numbers in national economy that plaintiff could perform); *Zeh v. Saul*, No. 8:18-cv-1608-T-SPF, 2019 WL 4233765, *3 (M.D. Fla. Sept. 6, 2019) (affirming ALJ's decision where VE's testimony included one position plaintiff could perform as any error in listing other positions was harmless and did not warrant overruling ALJ's decision).

Applying *Washington*, I have held that there is an apparent conflict when an ALJ's hypothetical question limits a claimant to simple work and the VE names jobs with reasoning levels of two or three.  *Daniel v. Comm'r of Soc. Sec.*, No. 5:19-cv-83-Oc-MAP, 2020 WL 1485900 (M.D. Fla. Mar. 27, 2020); *Breiding v. Comm'r of Soc. Sec.*, 6:19-cv-689-Orl-MAP, Doc. 18 (Apr. 20, 2020).  In so holding, I was following other courts within the circuit.  *See generally Nadile v. Saul*, No. 8:19-cv-9-T-CPT, 2020 WL 1430701 (M.D. Fla. Mar. 24, 2020); *Congdon v. Saul*, No. 8:19-cv-274-T-SPF, 2019 WL 563538 (M.D. Fla. Feb. 5, 2020); *Saffioti v. Comm'r of Soc. Sec*., No. 2:17-cv-143-FtM-29CM, 2019 WL 1513354, at *3 (M.D. Fla. Apr. 9, 2019); *Borroto v. Comm'r of Soc. Sec.*, No. 2:17-cv-673-FtM-99CM, 2019 WL 488327, at *9-10 (M.D. Fla. Jan. 8, 2019), report and recommendation adopted, 2019 WL 290599 (Jan. 23, 2019); *Salermo v. Saul,* No. 8:18-cv-979-T-TGW, 2019 WL 4595157, at *3 (M.D. Fla. Sept. 19, 2019)

(recognizing Eleventh Circuit's broad definition of term "apparent" in *Washington* and explaining "[t]he DOT states that, unlike reasoning level 1, reasoning level 2 requires the ability to carry out detailed instructions. That appears to be inconsistent with simple work.").

More recently, in *Valdez v. Commissioner of Social Security*, 808 F. App'x 1005 (11th Cir. 2020), another *per curiam* decision, the Eleventh Circuit stated:

> We haven't decided the issue Valdez raises here – whether a limitation to simple, routine, and repetitive work is inconsistent with a job that requires a reasoning level of three.  But it is unnecessary to decide it because, even if Valdez was not able to work as an order clerk, the ALJ still concluded that he could perform two other jobs: lens inserter, which has a reasoning level of one, and lens-block gauger, which has a reasoning level of two.  Valdez has not argued that these jobs are inconsistent with his residual functional capacity, and they are not.

*Id*. at 1009.  Asked to consider this in the context of a plaintiff's motion to alter or amend a judgment that was issued two days before the *Valdez* decision, I found that *Valdez*'s mention of jobs with reasoning levels of one and two is dicta. *See Breiding v. Comm'r of Soc. Sec.*, 6:19-cv-689-Orl-MAP, Doc. 22 (June 18, 2020); *see also Poland v. Comm'r of Soc. Sec.*, 6:19-cv-1363-Orl-GJK, 2020 WL 3073772, at *3 (M.D. Fla. June 10, 2020) (the Eleventh Circuit's statement in *Valdez* "that a reasoning level of two is not inconsistent with a limitation to simple, routine, and repetitive work is dicta and hence not controlling here.").

Since then, other courts have reached the opposite conclusion (albeit not in the context of a motion to amend a judgment, which employs a different standard of

9

review). *Fletcher v. Saul*, 8:19-cv-1476-T-23AAS, 2020 WL 4188210, at *1 (M.D. Fla. July 21, 2020) (overruling plaintiff's objections to magistrate judge's report and recommendation and finding that what "constitutes the holding in *Valdez*" is that reasoning level of two is not inconsistent with simple, routine, repetitive tasks); *Green v. Saul*, 8:19-cv-2021-T-TGW, 2020 WL 5743185, at *10 (M.D. Fla. Sept. 25, 2020) (finding that the Eleventh Circuit's decision in *Valdez*, as construed by *Fletcher*, "provided sufficient clarification to permit the conclusion that there is no conflict between a limitation to simple, routine, repetitive tasks and jobs that require reasoning level 2.").

In this case, at the administrative hearing, the ALJ asked the VE to assume a hypothetical individual who could perform a full range of light work with certain limitations:

> limited to performing only simple, repetitive tasks such as unskilled work with an SVP of 1 or 2, and up to a GED reasoning level of 3, can handle only ordinary and routine changes in work settings or duties, cannot perform fast-paced production or quota-driven work such as on an assembly line. Can have occasional interaction with the public, coworkers and supervisors, and can maintain attention and concentration for two hours, but then would require a ten-minute break.

(R. 137) The VE responded that such an individual could not perform Plaintiff's past work but could work as an electronics worker (8,000 jobs nationwide), a cleaner (400,000 jobs nationwide), and an office helper (80,000 jobs nationwide). (*Id*.) All of

these jobs have an SVP rating of two.[5]  Electronics worker and office helper have a reasoning level of two, and a cleaner requires a reasoning level of one (the lowest level) (R. 137).  When asked whether his testimony was consistent with the DOT, the VE responded that it is.

  Excerpting *Washington* and the DOT at length, Plaintiff argues that "[a]ll three positions cited by the vocational expert as defined in the DOT, potentially involve a plethora of tasks and/or potential tasks.  It is certainly open to reasonable doubt as to whether these tasks could be considered repetitive or routine." (Doc. 16 at 8).  By way of example, Plaintiff compares the DOT's job descriptions for electronics worker, office helper, and cleaner to the job descriptions for pencil inspector, hand counter, and lens inserter (jobs neither the VE nor the ALJ mentioned) (*Id*.).  Plaintiff states: "It is certainly reasonable to question whether the positions cited by the vocational expert align with the DOT as being simple, routine, and repetitive, despite the short training period set forth as an SVP." (*Id*. at 10).  I note, however, that Plaintiff does not challenge her RFC, nor does she point to any evidence of record to suggest that she is more limited than her RFC.  *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (claimant waived the issue because he did not elaborate on his claim or cite to authority).

---

[5] An SVP of one or two corresponds to the regulatory definition of unskilled work.  See SSR 00-4p, 2000 WL 1898704, at *3.  Unskilled work requires "little or no judgment to do simple duties."  20 C.F.R. § 404.1568(a).

The DOT classifies the jobs of office helper and electronics worker as reasoning level two jobs, requiring a worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few variables in or from standardized situations." DOT 239.567-010, 1991 WL 672232 (office helper); DOT 726.687-010, 1991 WL 679633 (electronics worker). A cleaner (with a reasoning level of 1), on the other hand, must be able to "[a]pply commonsense understanding to carry out simple one-or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT 323.687-014, 1991 WL 672783.

In a similar case decided one month before *Valdez*, *Pierce v. Commissioner of Social Security*, the court rejected a plaintiff's argument that jobs with a reasoning level of one and two and an SVP of two were inconsistent with the RFC for simple tasks. No. 8:18-cv-3114-T-JSS, 2020 WL 995850, at *4 (M.D. Fla. Mar. 2, 2020). The *Pierce* court pointed out that "courts have concluded that 'the requirement of Reasoning Level 2 or 3 is not inconsistent with the ability to perform only simple tasks,' as long as those jobs have a [SVP] time of 2." *Id*. at 5 (quoting *Chambers v. Comm'r of Soc. Sec.*, 662 F. App'x 869, 873 (11th Cir. 2016)); *see also Miller v. Comm'r of Soc. Sec.*, 246 F. App'x 660, 661-62 (11th Cir. 2007); *Hobbs v. Colvin*, No. 8:13-cv-3233-T-24MAP, 2015 WL 628763, at *5 (M.D. Fla. Feb. 12, 2015); *Gray v. Colvin*, No. 3:12-cv-506/EMT, 2014

WL 1118105, at *8 (N.D. Fla. Mar. 20, 2014); *Hurtado v. Astrue*, No. 09-60930-CIV, 2010 WL 1850261, at *12 (S.D. Fla. Apr. 14, 2010).

So this case, at first blush, asks me to walk the line between *Valdez*, which states that jobs with a reasoning level of one or two are consistent with simple, routine, and repetitive work (language I have characterized as dicta), and previous remands I have made directing an ALJ to comply with *Washington* in cases where the plaintiff is limited to simple, routine, and repetitive work and the ALJ identifies jobs with a reasoning level of two or three. But considering the shifting landscape of cases discussed here, I need not decide the exact gloss *Valdez* adds to *Washington*, because here the ALJ identified a significant number of jobs as cleaner (400,000 nationally), which carries an SVP of two and a reasoning level of one.

Under these circumstances, I find *Pierce* and *Wooten*'s interpretation of *Washington*'s mandate persuasive and conclude there is no apparent conflict between the job of cleaner and Plaintiff's RFC for simple, routine, and repetitive tasks involving only simple work-related decisions. Thus, I "need not resolve" the question of whether the other two jobs the ALJ identified are inconsistent with his RFC. *Wooten*, 787 F. App'x at 674 (finding that even if the ALJ had erred in identifying two jobs that required a reasoning level of three that apparently conflicted with the RFC, the error was a harmless one); *see also Caldwell v. Barnhart*, 261 F. App'x. 188, 190 (11th Cir. 2008) ("When … an incorrect application of the regulations results in harmless error

13

because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand") (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)).

    D.    *Conclusion*

For the reasons stated above, it is ORDERED:

    (1) The Commissioner's decision is AFFIRMED.

    (2) The Clerk of Court is directed to enter judgment for the Commissioner and close the case.

DONE and ORDERED in Tampa, Florida on January 14, 2021.

*[signature: Mark A. Pizzo]*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE